156 N.J. Super. 59 (1978)
383 A.2d 451
PASQUALE LA ROCCA AND CHRISTINE LA ROCCA, HIS WIFE, AND JAMES PETRUZZIELLO AND BARBARA PETRUZZIELLO, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
NEW YORK NEWS, INC., W.H. JAMES, PRESIDENT AND PUBLISHER, FRANK EVERS AND JUDY RUSSELL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1977.
Decided February 1, 1978.
*60 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. William H. Gazi argued the cause on behalf of appellants (Messrs. Foley & Gazi, attorneys; Mr. William H. Gazi on the brief).
Mr. Kevin J. Coakley argued the cause on behalf of respondents (Messrs. McElroy, Connell, Foley & Geiser, attorneys; Messrs. Townley & Updike of the New York Bar, of counsel; Messrs. Peter C. Gould and Harry H. Wise of the New York Bar, on the brief).
*61 PER CURIAM.
Plaintiffs, two policemen and their wives, filed a libel action against a newspaper and three of its employees alleging that an article, an editorial and a cartoon defamed them. They appeal from the granting of defendants' motion to dismiss the complaint for failure to state a cause of action in libel.
The alleged libel concerned the newspaper's criticism of an arrest by the police officers of a middle school teacher in Piscataway Township. The pleadings, affidavits and arguments of counsel established that the police officers received a complaint charging the teacher with assault and battery on a student. Although the circumstances of the arrest were disputed, it is uncontested that the officers went to the school, arrested and searched the teacher, and escorted him from the school in handcuffs.
About two weeks later defendant newspaper published an article representing that the mayor was critical of the manner in which the officers effected the arrest. The thrust of the alleged criticism was that the arrest should not have taken place at the school and that handcuffs should not have been used.
The next day the newspaper published an editorial and a cartoon. The editorial criticized the officers for the mode of the arrest and concluded: "But we give the police a big fat F for dunderheadedness." The cartoon portrayed a policeman in a dunce cap and was titled "Not Too Smart." Next to the handcuffs which the pictured policeman held were the words, "classroom arrest of teacher." It is undisputed that the cartoon was mistaken in that the arrest did not occur in the classroom.
The trial judge below granted the motion to dismiss, finding that the materials constituted privileged fair comment on the arrest. It characterized the error in the cartoon as "a minor misstatement" in the context of the material as a whole.
Although the judge's ruling was made in response to a motion to dismiss, he expressly considered not only the *62 pleadings but also affidavits by the police officers and by the mayor, the parties' briefs and the representations of counsel. Pursuant to R. 4:6-2, therefore, we construe the judgment to be in the nature of a summary judgment.
Disposition of a libel action on a motion for summary judgment is proper where the alleged defamation appears as a matter of law to be privileged and all doubts have been resolved. Sokolay v. Edlin, 65 N.J. Super. 112, 120, 123 (App. Div. 1961). When fair comment is asserted as a defense, the judge must dismiss the complaint if there is no evidence from which a jury could conclude that the comment was not fair. Coleman v. Newark Morning Ledger Co., 29 N.J. 357, 382 (1959); Leers v. Green, 24 N.J. 239, 254-255 (1957).
Our review of the record persuades us that the finding of fair comment was compelled as a matter of law. Although the judge below expressed no opinion as to whether the police officers here were public officials, we have no doubt that they were. Time, Inc. v. Pape, 401 U.S. 279, 284, 91 S.Ct. 633, 28 L.Ed.2d 45 (1971), reh. den. 401 U.S. 1015, 91 S.Ct. 1248, 28 L.Ed. 2d 552 (1971) (deputy chief of detectives); St. Amant v. Thompson, 390 U.S. 727, 730, n. 2, 88 S.Ct. 1323, 20 L.Ed. 2d 262 (1968) (deputy sheriff); Scelfo v. Rutgers University, 116 N.J. Super. 403, 413 (Law Div. 1971) (police officer); Moriarty v. Lippe, 162 Conn. 371, 294 A.2d 326, 330-331 (Sup. Ct. 1972) (police officer); Coursey v. Greater Niles Tp. Publishing Corp., 40 Ill.2d 257, 239 N.E.2d 837, 841 (Sup. Ct. 1968) (police officer); Rawlins v. Hutchinson Publishing Co., 218 Kan. 295, 543 P.2d 988, 992 (Sup. Ct. 1975) (police officer). Plaintiffs therefore must prove actual malice in order to recover. New York Times Co. v. Sullivan, 376 U.S. 254, 283, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Although plaintiffs alleged malice in their complaint, the affidavits submitted on the motion did not furnish any proof of malicious intent. We are convinced that the judge below correctly found that the elements of the fair comment defense were *63 present. See Leers v. Green, supra, 24 N.J. at 254-255. While fair comment does not excuse misstatements of fact, Nusbaum v. Newark Morning Ledger Co., 86 N.J. Super. 132, 151 (App. Div. 1965), certif. den. 44 N.J. 398 (1965), it is not defeated by errors which are insignificant in the context of the libelous material as a whole. Herrmann v. Newark Morning Ledger Co., 48 N.J. Super. 420, 431-432 (App. Div. 1958), aff'd on rehearing 49 N.J. Super. 551 (App. Div. 1958). See also, Leers v. Green, supra, 24 N.J. at 260. Mick v. American Dental Ass'n, 49 N.J. Super. 262, 274 (App. Div. 1958), certif. den. 27 N.J. 74 (1958). We agree with the judge below that the minor mistake in the cartoon was unimportant and unrelated to the "gist or sting" of the alleged libel. Herrmann v. Newark Morning Ledger Co., supra, 48 N.J. Super. at 431-432.
Affirmed.