Michael **CIBENKO**

v.

**WORTH PUBLISHERS, INC. and James Sempepos.**

Civ. No. 80–3009.

United States District Court, D. New Jersey.

March 23, 1981.

John Mulhern, Devine & Mulhern, P. C., Newton, N. J., for plaintiff.

McCarter & English, Newark, N. J., for Worth Publishers; Marcia B. Paul, Greenbaum, Wolff & Ernst, New York City, of counsel.

WHIPPLE, Senior District Judge.

This matter is before the Court on the motion to dismiss for failure to state a claim filed by defendant Worth Publishers, Inc. (hereinafter "Worth"). F.R.Civ.P. 12(b)(6). Alternatively, Worth has filed a motion for summary judgment on the ground that the action is untimely under the appropriate statute of limitations for libel and right of privacy actions. F.R. Civ.P. 56.

Plaintiff is a New York/New Jersey Port Authority police officer. He complains of a defamatory picture and caption published by Worth in a college-level sociology textbook entitled *Sociology.* This allegedly defamatory matter is found in chapter 8, "Deviance," in a subchapter headed, "Selecting the Criminals." The picture depicts a white male policeman in a public place who appears to be prodding a black man with his nightstick in order to prevent the man from falling asleep. The caption beneath the picture reads:

The social status of the offender seems to be the most significant determinant of whether a person will be arrested and convicted for an offense and of the kind of penalty that will be applied. In this picture, a police officer is preventing a black male from falling asleep in a public place. Would the officer be likely to do the same if the "offender" were a well-dressed, middle-aged white person?

Plaintiff frames two causes of action against Worth based on this publication.[1] He first claims that the matter is libelous because it portrays him "in an awkward, ludicrous, and contemptible light, falsely represent[ing him] ... as being unscrupulous and racially prejudiced," and holding him up to "public scorn, hatred and ridicule ..." Second, plaintiff claims that his privacy rights have been violated in that he has been placed in a false light by the unauthorized use of his picture. Plaintiff additionally alleges a violation of his right to privacy as codified by Sections 50 and 51 of the New York Civil Rights Law which, in pertinent part, provides that, "Any person whose ... picture is used within this state for advertising purposes or for purposes of trade without ... written consent ... may ... sue and recover damages ..."

The parties submitted moving papers accompanied by affidavits, exhibits, and briefs, and also engaged in oral argument before the Court. For the reasons set forth herein, defendant's motion to dismiss is granted.

### Applicable Law

■ At the outset, this Court notes that it agrees with the parties that the law of New Jersey is applicable in this diversity case. Under New Jersey law, the torts of defamation and false light invasion of privacy are separate and distinct. *See, e. g., Devlin v. Greiner*, 147 N.J.Super. 446, 456, 463–64, 371 A.2d 380 (Law Div.1977). Therefore the Court will examine these claims separately.[2]

### Defendant's Motion To Dismiss—Libel Claim

Defendant, in support of its motion to dismiss with respect to plaintiff's libel claim, contends that the challenged portions of the textbook do not contain defamatory statements of or concerning plaintiff. At best, the statements in question constitute innuendo, and therefore can not predicate a libel action brought by a plaintiff who is a public official, such as Mr. Cibenko. Further, the innuendo, if drawn, is merely opinion, and thus is protected by the First Amendment and is not actionable.

■ Whether words can reasonably be construed as defamatory is a question of law for the Court in the first instance. Restatement (Second) of Torts, § 614, Comment b (1977); *Pierce v. Capital Cities Communications*, 576 F.2d 495, 502 (3d Cir. 1978), *cert. denied*, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 170 (1980). In making this determination, the Court must examine the publication as a whole. *See, e. g., Washington Post Co. v. Chaloner*, 250 U.S. 290, 293, 39 S.Ct. 448, 63 L.Ed. 987 (1919); *Rinsley v. Brandt*, 6 Med.L.Rptr. 1222, 1225 (D.C.Kan.1980), and cases cited therein. As articulated by the Third Circuit in *Pierce v. Capital Cities Communications, Inc., supra* at 502:

Ascertaining whether a communication is capable of a defamatory meaning depends upon what a recipient "correctly, or mistakenly but reasonably, understands" what the statement was intended to express. It is established that a court should not scrutinize simply the literal references of the language in question, but should also weigh the words "together with their context." Restatement, Second, Torts, § 563, Comment (d).

■ In light of these guidelines, the Court has carefully scrutinized the complained of material and the context in

---

1. The complaint alleges a third cause of action against James Sempepos, who photographed the picture at issue. Mr. Sempepos, however, is not a party to these motions.

2. A discussion of plaintiff's New York statutory claim appears *infra*.

which it appears, and concludes that there is no actionable defamation. The caption and picture at issue do not constitute a defamatory falsehood of or concerning plaintiff within the meaning of Restatement (Second) of Torts, §§ 558 and 564 (1977).[3] Rather, the picture in which plaintiff appears, and the accompanying caption, are utilized solely in an educational context in the exploration of important social issues, particularly the selection of criminals in society. Plaintiff is not identified in the caption or, indeed, in the entire chapter. Instead, the caption merely describes what appears to be occurring in the picture and poses a rhetorical question calculated to provoke the student's mind and induce discussion. Therefore, no libelous meaning can be imputed to plaintiff. *See Bourgeau v. New York News*, 5 Med.L.Rptr. 1799, 1800 (N.Y.Sup.Ct., N.Y.Co. Sept. 14, 1979); *Roskos v. New York News*, 4 Med.L.Rptr. 2148 (N.Y.Sup.Ct.Spec.Term Part I, Suffolk Cty., Jan. 8, 1979). Moreover, since the text as a whole is not "of or concerning" plaintiff, or susceptible of a libelous meaning, the complained of matter is not defamatory, and plaintiff cannot by innuendo make it so. *Shapiro v. Newsday*, 5 Med.L.Rptr. 2007, 2008 (N.Y.Sup.Ct., Queens Cty., Mar. 7, 1980). *See also Fogel v. Forbes*, 500 F.Supp. 1081 (E.D.Pa.1980); *Varela Furniture v. New York News*, 6 Med.L.Rptr. 1699, 1700 (N.Y.Sup.Ct., Queens Cty., July 29, 1980).

■ Even if innuendo implying that plaintiff is racially prejudiced were drawn, it would be insufficient to constitute actionable libel. As a transit police officer, Cibenko is a public official; in fact, he acknowledged as much in his complaint. *La Rocca v. New York News, Inc.*, 156 N.J.Super. 59, 383 A.2d 451 (App.Div.1978). Consequently, in order to prevail against Worth, Cibenko must meet the rigorous standards enunciated in *New York Times v. Sullivan*, 376 U.S. 254, 279–83, 84 S.Ct. 710, 725–27, 11 L.Ed.2d 686 (1964), and prove that Worth acted with "actual malice", *i. e.*, reckless disregard of truth or calculated falsity. Actual malice can only arise from a false statement of fact, and because this prerequisite is lacking here, no defamation can be shown. *See Baird v. Roussin*, 6 Med.L.Rptr. 1555 (D.Mass.1980); *Loeb v. New Times*, 497 F.Supp. 85 (S.D.N.Y.1980).

■ In any event, the innuendo, if drawn, is simply the author's commentary on undisputed facts. As such, it is editorial opinion, safeguarded by the First Amendment. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339, 94 S.Ct. 2997, 3006, 41 L.Ed.2d 789 (1974). This protection is embodied in Sec. 566 of the Restatement (Second) of Torts (1977):

> A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.

■ It is for the court to decide if an allegedly defamatory statement is opinion and whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion about the plaintiff or his conduct. Restatement (Second) of Torts, § 614; § 566, Comment c (1977). The caption and picture here clearly fall within the category of protected opinion as defined in § 566 of the Restatement. The first sentence of the caption is the sociologist's conjecture regarding an important social issue, and sets the sociological context against which the following two sentences must be read. The second sentence merely describes what is occurring in the picture and establishes the factual

---

**3.** In pertinent part, § 558 provides:
Elements Stated
To create liability for defamation there must be:
   (a) a false and defamatory statement concerning another . . .
   § 564 provides:

Applicability of Defamatory Communication to Plaintiff
A defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably, understands that it was intended to refer.

premise for the third sentence, which is a rhetorical question, tantamount to opinion. Such opinion is constitutionally protected; as the Supreme Court stated in Gertz v. Robert Welch, Inc., supra at 323, 339, 94 S.Ct. at 2998, 3007:

Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.

Accordingly, plaintiff's cause of action in libel must be dismissed.

### Defendant's Motion To Dismiss—Invasion of Privacy Claims

In addition to his defamation claim, plaintiff claims that Worth violated both the New York statutory right of privacy, as codified in Sections 50 and 51 of the New York Civil Rights Law, as well as the right of privacy recognized by the common law of New Jersey.

Plaintiff's claim under the New York statute is untenable because under New Jersey's choice of law principles, New Jersey law governs this action. Plaintiff is domiciled in New Jersey, and publication occurred in this state.[4] These contacts are sufficient to trigger the application of New Jersey law. System Operations, Inc. v. Scientific Games Development Corp., 555 F.2d 1131, 1136–37 (3d Cir. 1977); Henry v. Richardson Merrell, Inc., 508 F.2d 28 (3d Cir. 1975). Under Restatement (Second) of Conflict of Laws, §§ 150, 153 (1977), upon which the Systems court relied, the law of plaintiff's domicile will apply in libel and privacy actions if publication occurred there. See Barres v. Holt, Rinehart & Winston, Inc., 131 N.J.Super. 371, 330 A.2d 38 (Law Div.1974), aff'd, 141 N.J.Super. 563, 359 A.2d 501 (App.Div.1976), aff'd on opinion of trial court, 74 N.J. 461, 378 A.2d 1148 (1977). Consequently plaintiff's claim under the New York Statute is not cognizable

in this Court, and only his claim for false light invasion of privacy under New Jersey law will be addressed.[5]

New Jersey recognizes a claim for false light invasion of privacy consistent with Restatement (Second) of Torts, § 652E (1977). Devlin v. Greiner, 147 N.J.Super. 466, 371 A.2d 380 (Law Div.1977). Section 652E, entitled "Publicity Placing a Person in False Light," provides:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

For liability to attach under Section 652E, it is essential that the matter publicized be untrue, although it is not necessary for the matter to be defamatory. § 652E, Comment b. An action for defamation and a claim for false light invasion of privacy, however, are closely allied, and the same considerations apply to each. Fogel v. Forbes, supra, at 500 F.Supp. 1081 at 1088; Rinsley v. Brandt, 6 Med.L.Rptr. 1222 at 1224 (D.Kan.1980); Hill, Defamation and Privacy under the First Amendment, 76 Columbia Law Review 1205, 1207 (1976). Thus, it is for the Court to determine whether the communication in question is capable of bearing a particular meaning which is highly offensive to a reasonable person. Fogel v. Forbes, supra at 1088; Rinsley v. Brandt, supra at 1225.

Plaintiff ascribes the same meaning to the publication in connection with his false light claim as he does in connection with his defamation claim. For the reasons set

---

4. It is uncontroverted that the textbook was distributed from a warehouse located in New Jersey, and was sold to colleges and universities in New Jersey, and elsewhere.

5. In any event, the plaintiff at oral argument conceded that New Jersey law applied, although he did not acquiesce to a dismissal of the New York statutory claim.

forth in connection with the defamation claim, then, this Court finds that the picture and caption are not reasonably capable of conveying the offensive meaning or the innuendo ascribed by plaintiff as the basis for his invasion of privacy claim. Additionally, for the same reasons that the picture and caption constitute opinion, and thus may not predicate a defamation action, no false light invasion of privacy action may lie. Accordingly, plaintiff's invasion of privacy claims must be dismissed.

### Defendant's Motion For Summary Judgment

In view of this Court's disposition of this case on defendant's motion to dismiss, defendant's motion for summary judgment is moot.

To summarize, defendant Worth's motion to dismiss the complaint is granted. Counsel for defendant shall prepare an appropriate order within five (5) days of this Opinion.