DECISION
This matter is before the court on defendant's motion for summary judgment, pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure.
 Facts/Travel
On or about March 1985, Officer Edward Connell (Connell) physically attacked Mr. Kevin Gaurriello (Gaurriello). A grand jury indicted Officer Connell, and he was found guilty of two counts of assault. Officer George Clements (Clements) was present at the time of the assault and was asked to testify before the grand jury. Clements later pled guilty to knowingly making false material declarations before a grand jury in violation of Title 18 USCS, Section 1623. Clements resigned from the police department, and District Court Judge Francis Boyle sentenced him to six months, four months suspended, two months to serve, and one year probation.
On January 18, 1993, the President of the United States granted Clements a full and unconditional pardon upon completion of his sentence. In February 1996, defendant WHDH-TV broadcast an investigative report as part of Channel 7 news entitled "Pardon Me." This program discussed some of the people who had received Presidential Pardons. Clements was one of the individuals highlighted in this piece. He now brings charges of defamation and false light alleging that the manner in which the story was presented erroneously portrayed him as being involved in the assault.
 Standard of Review
In considering a motion for summary judgment, the court must determine whether there is genuine issue of material fact.Lawrence v. Anheuser-Busch, Inc., 523 A.2d 864, 867 (R.I. 1987). If no genuine issue of material fact exists, the court determines whether the moving party is entitled to judgment as a matter of law. Id. The role of the court is not to weigh the evidence but instead to determine whether, as a matter of law, a genuine factual conflict exists. When a motion for summary judgment is properly made and supported with affidavits or other evidence as provided in Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure, then the non-moving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Moreover, summary judgment must be entertained against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.[1] See generally, Grande v. Almac's, Inc.,623 A.2d 971 (R.I. 1993); Alfano v. Landers, 585 A.2d 651 (R.I. 1991).
 DEFAMATION
"[A]ny words, if false and malicious, imputing conduct which injuriously affects a man's reputation, or which tends to degrade him in society or bring him into public hatred and contempt, are in their nature defamatory." Elias v. Youngken, 493 A.2d 158, 161 (R.I. 1985). Defamation is an invasion of the interest in reputation and good name. Prosser and Keeton, The Law of Torts, § 111 at 771 (West 1984). Under Rhode Island law, the first essential element of a defamation action, whether the alleged material may constitute "a false and defamatory statement concerning another, is a matter of law for the court to decide in the first instance." Gordon v. St. Joseph's Hospital,496 A.2d 132, 136 (R.I. 1985) (quoting Elias v. Youngken, 493 A.2d 158, 161 (1985)). Defamation by implication occurs when a defendant juxtaposes a series of facts so as to imply a defamatory connection between them or creates a defamatory implication by omitting facts such that he may be held responsible for the defamatory implication unless it qualifies as an opinion, even though the particular stated facts are correct. Diesen v.Hessburg, 455 N.W.2d 446, 450 (Minn. 1990). Because this is a case of first impression in Rhode Island, this Court looks to the recent decisions of Price v. Viking Penguin, Inc. 881 F.2d 1426
(8th Cir. 1989); Diesen v. Hessburg, 455 N.W. 446 (1990) andToney v. WCCO Television 85 F.3d 383 (8th Cir. 1996) for guidance in this action generally, and specifically on the issue of whether a public figure has a cause of action against a media defendant for defamation by implication.
Any juxtaposition of facts which creates a defamatory implication may be actionable. W. Prosser W. Keeton, The Law ofTorts, § 3, at 18-19 (5th ed.). Defendant's limitation on actionablilty lies in the constitutional concern for fair comment with respect to public officials. Diesen v. Hessburg,455 N.W.2d 446 (Minn. 1990). The United States Supreme Court deliberately distinguishes between private and public figure plaintiffs for defamation purposes. New York Times Co. v. Sullivan, 376 U.S. 254
(1964). Greater constitutional protection is afforded speech about the official conduct of public officials than of private individuals because of the "profound national commitment to the principle that debate on public issues should be uninhibited, robust and wide open, [although] it may well include vehement, caustic and sometimes unpleasantly sharp attacks on government and public officials." Id. at 270.
In general defamation actions, the distinction between private and public figures results in a heightened standard with respect to the latter. Specifically, when the plaintiff in a general defamation case is a public figure, he or she is required to prove that the statements were made with "actual malice."DeCarvalho v. daSilva, 414 A.2d 806 (R.I. 1980). Malice means knowledge that the statement was false or made with reckless disregard for the truth or falsity of the statement. Id. (citingNew York Times Co. v. Sullivan, 376 U.S. 254 (1964). The United States Supreme Court further stated that
 "reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice." St. Amant v. Thompson, 390 U.S. 727 (1968).
In a well reasoned decision, the Eighth Circuit held that defamation by implication was not recognized as a valid cause of action when the plaintiff was a public figure. Price v. VikingPenguin, Inc., 881 F.2d 1426, 1432 (8th Cir. 1989) (citingJanklow v. Newsweek, Inc. 788 F.2d 1300, 1304 (8th Cir.), certdenied, ___ U.S. ___, 110 S.Ct. 757 (1990)); accord Fudge v.Penthouse Int'l, Ltd., 840 F.2d 1012, 1016-17 (1st Cir.), certdenied, ___ U.S. ___, 109 S.Ct. 65 (1988). Other jurisdictions have also specifically declined to allow a public official to prove falsity by implication where the challenged statements are true. See e.g., Cibenko v. Worht Publishers, Inc., 510 F. Supp. 761, 765 (D.N.J. 1981); see also, Toney v. WCCO Television85 F.3d 383, 391 (8th Cir. 1996)(interpreting Diesen as rejecting defamation by implication claims by public figures but not private individuals). The determination of whether an individual is a public figure rests in the individual's participation in the particular controversy giving rise to the defamation. DeCarvalhov. daSilva, 414 A.2d 806 (R.I. 1980) (citing Gertz v. RobertWelch, Inc., 418 U.S. 323 (1974) and Time Inc. v. Firestone,424 U.S. 448 (1976)). This determination is for the trial judge. Id.
Courts have consistently treated police officers as public officials within the meaning of New York Times Co. v. Sullivan,376 U.S. 254, 279-80 (1964). See e.g., Time Inc. V. Pape,401 U.S. 279, 284 (1971); St. Amant v. Thompson, 390 U.S. 727 (1968);Henry v. Collins 380 U.S. 356 (1965); Cibenko v. WorthPublishers, 510 F. Supp. 761 (D.N.J. 1981). Police officers qualify as public officials because they "have or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs," and their position "has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees."
Finding that plaintiff, as a police officer is a public figure, he is not entitled to recover on that portion of his claim alleging defamation by implication.[2] However, plaintiff's claim cannot withstand this motion for summary judgment even under a general defamation analysis.
Asserting truth as a defense, the defendant maintains that any discrepancy, false or misleading statement was unintentional. Defendant avers that the undisputed facts establish that Clements was a police officer at the time of the beating, that Clements admitted that he was holding Guarriello's left arm at the time Officer Connell attacked, and that Clements pled guilty to perjury. These facts constitute the assertions broadcast in defendant's news program. Therefore, the defendant argues, there is no genuine issue of fact or basis for the contention that WHDH acted with actual malice.
Plaintiff in the case at bar contends that the truth of individual statements in the broadcast does not mitigate or alleviate the defendant's liability because the manner in which the statements were presented gave rise to a defamatory interpretation. Specifically, plaintiff concedes that "defendant emphasizes that Gaurriello was being held in handcuffs by Clements when the assault occurred. Literally, that may be true, however, the implication from the statement and its context in the broadcast, create a different image in the eyes of the viewer." Plaintiff's Memorandum in Opposition to Defendant WHDH'sMotion for Summary Judgment at 2. Plaintiff, in a supplemental affidavit[3] and memorandum, recants his admission regarding the truth of defendant's assertion that plaintiff held Gaurriello in handcuffs at the time of the assault. "This Supplemental Affidavit makes it clear that Clements lost control of the suspect at the moment Officer Connell attacked . . . At the time of the initial brief, this distinction did not seem particularly important."
The import of this "detail" is evident when considering if defendant acted with actual malice at the time of the broadcast. Since the plaintiff changed this detail only after arguments had been made to the court, the defendant could not have acted with malice in reporting this fact because it was seemingly without significance. The plaintiff has failed to offer any evidence with respect to the primary element of actual malice.
 False Light
Plaintiff relies on the same facts and arguments in asserting that the defendant's broadcast placed him in a false light. Plaintiff's claim is based on RIGL § 9-1-28.1 (a)(4), which gives every person the right to privacy and the "right to be secure from publicity that reasonably places another in a false light before the public." Again, the defendant asserts truth as a defense to plaintiff's claim.
In evaluating the validity of a false light argument the "court should make the threshold determination of whether a statement is capable of implying the objectionable association of which the plaintiff complains." Fudge 840 A.2d 1012, 1018 (1988). Additionally, the statute clearly states that "in order to recover for the violation of this right, it must be established that there has been some publication of a false or fictitious fact." G.L. 1956 § 9-1-28.1(a)(4). As the subject broadcast statements were neither false nor fictitious, plaintiff's claim of false light must fail.
Accordingly, this Court, finding there is no genuine issue of material fact and that defendant WHDH-TV is entitled to judgment as a matter of law, grants defendant's motion for summary judgment.
Counsel shall submit an appropriate order and judgment for entry which may include, if deemed appropriate by the parties, requisite final judgment as to defendant WHDH-TV, Inc. pursuant to the provision of Rule 54 (b).
[1] Celotex Corp. v. Cairett, 106 S.Ct. 2548 (1986). InCelotex, the Supreme Court was analyzing Rule 56 of the Federal Rules of Civil Procedure. Since the Rhode Island Rules were patterned after the Federal Rules, the Celotex rule is applicable.
[2] In reviewing the instant broadcast, this Court believes that defendant, in its quest to grab viewers, may have come close to crossing the sometimes fine line between reporting and fabricating the news. Analogizing the instant case to the Rodney King incident conjures up images of intense, deliberate and racially motivated violence. This conduct is distasteful and were the plaintiff not a public figure, he may have succeeded in his action for defamation by implication.
[3] This court's request for supplemental memoranda was for clarification purposes only and was not intended to adduce additional evidence in any form. Although Superior Court Rule 56 (e) authorizes the court to permit affidavits to be supplemented or further affidavits to be supplied, here the plaintiff unilaterally submitted a post hearing affidavit without leave of court. Such disregard for the Rules is clearly objectionable but as the defendant sat on his rights and did not object, this Court in fact did consider plaintiff's affidavit in arriving at its decision.