**Joseph Ben JACKSON, Jr., Defendant Below, Appellant,**

**v.**

**Joseph F. FILLIBEN, Jr., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 23, 1971.

Louis L. Redding, Wilmington, for defendant below, appellant.

Harold Leshem, of Booker, Leshem, Green, Shaffer, Berl & Wise, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The appellant, Joseph Ben Jackson, Jr., brings this appeal from a verdict and judgment entered in Superior Court in favor of the plaintiff below, Joseph F. Filliben, Jr., in a defamation action.

Briefly the facts are as follows: Around midnight on December 2, 1965, Filliben, then a sergeant of the Wilmington Police force, was going home in his own car after finishing his shift. He saw Jackson's car traveling at a rate he felt exceeded the speed limit. When Jackson failed to stop at Filliben's horn signal, the latter gave chase, but stopped appellant only after his car was "wedged in" between appellee's car and two other cars driven by off-duty policemen. The appellant was arrested and taken to police headquarters.

After his arrest, Jackson complained of his treatment and wrote a letter setting forth his account of the events to the Commissioner of Police, appellee's highest official superior. A copy of this letter was also sent to the Federal Bureau of Investigation. In his letter, appellant alleged that he was "yoked" around the neck by appellee, thrown to the ground twice, and the second time held there face down, threatened by the appellee, and handcuffed so that he was in "unbearable" pain. There was evidence to show that the appellant was belligerent and uncooperative at the time he was stopped and arrested. There was also evidence which indicated that, although appellant's description of events contained some discrepancies and was per-

haps exaggerated, it was not wholly untrue. Filliben, now retired from the police force, was cleared of the charge of "police brutality" by the Commissioner of Police. He then brought this action for damages.

Appellant contends that the verdict against him in the Court below was in error because Filliben, as a police sergeant, was a public official within the meaning of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, and that there was not sufficient evidence to show actual malice as defined in that case. We agree with this contention. Police officers must be considered as public officials within the *Times* rule. Under settled law, a public officer may not recover for defamatory statements relating to his official conduct unless he proves that the statement was made with actual malice, that is, with knowledge that the statement was false or with reckless disregard of whether it was false or not. Ross v. News-Journal Company, Del.Supr., 228 A. 2d 531 (1967). Where, as here, the statement was not completely unfounded, its publication is insufficient, per se, to establish such malice.

The *Times* rule must be liberally applied to permit a citizen's complaint to a police officer's superiors. To strictly apply the rule, or to examine too closely the motive for the writing, would drastically inhibit this type of complaint and hamper the safeguard it offers to the public. From a very early date, citizens have been encouraged to perform their duty to communicate to their government any information concerning a commission of an offense against its laws. Worthington v. Scribner, 109 Mass. 487 (1872). The instant case is one of the clearest examples of this privilege; the complaint concerned a public official, was made to the proper authorities, and was not shown to be completely inconsistent with what actually occurred.

The judgment below will be reversed.