**FRANKLIN v. PHOTO NEWS PUBLISHERS, Inc.**
No. 75-3326-CA(L)01-B.
Circuit Court, Palm Beach County.
October 25, 1978.

Louisa Smith-Adam of Montgomery, Lytal, Reiter, Denney and Searcy, West Palm Beach, for the plaintiff.

DANIEL T. K. HURLEY, Circuit Judge.

*Final judgment:* This case was tried before a jury on August 14 and 15, 1978. Plaintiff was represented by Louisa Smith-Adam, Esq.; defendant corporation was without legal counsel although its interests were represented by its owner or chief stockholder, Mrs. M. A. Hall Williams. Mrs. Williams participated in voir dire examination, exercised a peremptory challenge, made an opening statement, cross-examined plaintiff's witnesses, testified for the defense, and gave a closing argument. She also moved for a directed verdict at the close of the plaintiff's case and again at the close of all of the evidence. On both occasions the court reserved ruling.

The case dealt with a news article which purported to describe the manner in which Ralph Franklin, a detective sergeant with the Riviera Beach Police Department effectuated an arrest. The article described the alleged circumatsnces of the arrest, the alleged manner in which the officer used his weapon and his alleged motivation for arresting the suspect One of the critical issues at trial was whether Ralph Franklin was a "public official" within the meaning of *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed. 2d 686 (1964). Upon the following authority, the court answered this question in the affirmative. *Time, Inc. v. Pape,* 401 U.S. 279, 91 S.Ct. 633, 28 L.Ed.2d 45, reh. den. 401 U.S. 1015, 91 S.Ct. 1248, 28 L.Ed.2d 552 (1971) (deputy chief of detectives); *St. Amant v Thompson,* 390 U.S 727, 88 Sup. Ct. 1323, 20 L.Ed. 2d 262 (1965) (deputy sheriff); *Colombo v. Times-Argus Ass'n Inc.,* 380 A.2d 80 (Vt. Sup.Ct. 1977) (detective); *Rawlins v. Hutchinson Publishing Co.,* 543 P.2d 988 (Kan. Sup. Ct. 1975) (policeman); *Moriarty v. Lippe,* 294 A.2d 326 (Conn. Sup. Ct. 1972) (patrolman); *Jackson v. Filliben,* 281 A.2d 604 (Del. Sup. Ct. 1971) (police sergeant); *Coursey v. Greater Niles Township Publishing Corp.,* 239 N.E. 2d 837 (Ill. Sup. Ct. 1968) (patrolman); *La Rocca v. New York News, Inc.,* 383 A.2d 451 (N.J. App. 1978) (municipal policeman); *Orr v. Lynch,* 401 N.Y.S. 2d 897 (Sup. Ct. App. Div. 1978) (patrolman); *Ammerman v Hubbard Broadcasting, Inc.,* 572 P.2d 1258 (N.M .App. 1977) (deputy sheriffs); *Cline v. Brown,* 210 S.E. 2d 446 (N.C. App. 1974) (deputy sheriff); *Scelfo v. Rutgers University,* 282 A.2d 445 (N.J. App. Ct. 1971) (mounted policeman); *Rowden v. Amick,* 446 S.W. 2d 849 (Kan. App. 1969) (deputy city marshal); *Gilligan v. King,* 264 N.Y.S. 2d 309 (Sup. Ct. App. Div. 1965) (police lieutenant). Also see, Annot., Libel and Slander: Who is a Public Official, etc. 19 ALR. 3d 1361 (1968).

The case was submitted to the jury with a special verdict form. The jury found: (1) that the plaintiff had proved by the greater

weight of the evidence that the defendant Photo News published an article about Ralph Franklin which was false or not substantially accurate and which tended to expose Mr. Franklin to hatred, ridicule, contempt or to injure him in his occupation; (2) that the plaintiff had proved by clear and convincing evidence that the defendant Photo News was malicious in publishing the article in question; (3) that Mr. Franklin had sustained $0 in actual damages; (4) that Mr. Franklin was entitled to $5,000 in nominal damages; and (5) that Mr. Franklin was entitled to $2,500 in punitive damages.

The court must express its apology to the parties for the unusual delay in the rendition of the final judgment. As indicated, however, the court reserved ruling upon the defendant's motions for a directed verdict. In assessing these motions, the court has been aware that this case involves questions of constitutional significance which merit deliberate and considered action. Without attempting to fully restate the law on defamation, it must be remembered that in order to establish actual malice under the *New York Times v. Sullivan* standards, the plaintiff must show that the defendant had actual knowledge of falsity or reckless disregard of the same. This is not a proposition that can be supported by a normative conclusion that the publisher should have known of the falsity of the statement. Rather, evidence — direct or circumstantial — of the publisher's subjective awareness is required. If the plaintiff cannot show that the publisher knew that the publication was false, (and it must be agreed that the plaintiff was unable to offer such proof in this case), he must then show proof of reckless disregard. "[R]eckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson,* supra. Negligent reporting methods are insufficient. *New York Times Co. v. Sullivan,* supra. On the other hand, the Supreme Court has held that actual malice may be inferred when the investigation for a story which was not "hot news" was grossly inadequate in the circumstances. *Curtis Publishing Co. v. Butts,* 388 U.S. at 156, 158, 87 S.Ct. 1975, 18 L.Ed.2d 1094.

With particular reliance upon *Curtis Publishing Co. v. Butts,* supra, and its progeny (see e.g., *Vandenburg v. Newsweek, Inc.,* 441 Fed.2d 378, 380 (5th Cir. 1971), the court has concluded that the defendant's motions for directed verdict must be denied. The event giving rise to the published news article in this case occurred on February 26, 1975. The article, found to be defamatory by the jury, appeared in the the Photo News on Saturday, August 2, 1975.

Unquestionably, a six month delay removes, the article from the category of "hot news" and consequently the adequacy of the publisher's investigation process was a proper matter for the jury's scrutiny.

One remaining matter of concern is the jury's award of $5,000 as nominal damages. The usual amount of nominal damages is $1.00. See 9A Fla.Jur., *Damages* §7. The propriety of such an award is further put in question by the jury's explicit finding of no actual damages and of $2,500 in punitive damages. It is the court's present inclination, upon proper motion, to reduce the award of nominal damages. The court has refrained from doing so at this time in order to allow both parties to appear before the court and present whatever argument and authority they deem appropriate. A motion to amend the final judgment, made pursuant to Rule 1.530, Fla.R.Civ.P. must be filed with the clerk of court within ten days of the date of this order.

Accordingly, it is ordered and adjudged that pursuant to the verdict of the jury in this cause, it is adjudged that the plaintiff, Ralph B. Franklin, shall take and recover from the defendant, The Photo News Publishers, Inc., a Florida corporation, the sum of $7,500 and the sum of $355.04 as costs, for which let execution issue.