73 F.Supp.2d 1148 (1999)
Myron S. GRITCHEN, et al., Plaintiff,
v.
Gordon W. COLLIER, et al., Defendants.
No. SA CV 98-864-GLT[JW].
United States District Court, C.D. California, Southern Division.
October 18, 1999.
*1149 Peter J. Eliasberg, ACLU Foundation of Southern California, Los Angeles, CA, for plaintiff.
Larry J. Roberts, Law Offices of James E. Trott, Fountain Valley, CA, for defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
TAYLOR, District Judge.
Plaintiff's Motion for Summary Judgment is GRANTED.
The Court finds California Civil Code § 47.5, specially authorizing a defamation action by a police officer targeted by a citizen's false complaint, is unconstitutional.

*1150 I. BACKGROUND

In 1998 Plaintiff motorist was stopped by Defendant, a Long Beach Police Department officer. Plaintiff later filed a citizen complaint about the officer's conduct during the traffic stop. The police department found there was no misconduct.
Defendant (through his attorney) sent a letter to Plaintiff threatening a defamation suit under Cal.Civ.Code § 47.5, which states in relevant part:
Notwithstanding Section 47, a peace officer may bring an action for defamation against an individual who has filed a complaint with that officer's employing agency alleging misconduct, criminal conduct, or incompetence, if that complaint is false, the complaint was made with knowledge that it was false and that it was made with spite, hatred, or ill will.
Cal.Civ.Code § 47 is a general provision establishing that most publications and broadcasts arising out of official government duties or proceedings are privileged, and therefore cannot be the subject of a defamation action. Section 47.5 creates an exception to the normal privileged status of citizen complaints about public officials by allowing police officer defamation suits against individuals who falsely charge them with misconduct.
Attached is an Appendix prepared by Plaintiff's attorneys summarizing all states' laws governing citizen complaints against police officers and other public officials. Some states have an absolute or qualified privilege for citizen complaints against public officials. Others decline to adopt any statutory privilege. California's statutory scheme is unlike any other state's, applying one defamation rule to complaints against peace officers, and another rule to complaints against all other public officials.[1]
Plaintiff responded to the Defendant's threat of a defamation suit with this challenge to the constitutionality of § 47.5.[2] The relevant facts are undisputed and the parties agree the case presents only questions of law. Plaintiff has moved for summary judgment, and Defendant has requested in his Opposition that the Court enter judgment in his favor.

II. DISCUSSION

Plaintiff sues under 42 U.S.C. § 1983, creating a cause of action for any party "depriv[ed] of any rights, privileges, or immunities secured by the Constitution" by someone acting "under color of any statute ... of any State." Plaintiff alleges his First Amendment right to free speech has been impaired by § 47.5 and Defendant's actions.

1. Standing

Article III of the Constitution and 28 U.S.C. § 2201 both require that a plaintiff in federal court present an "actual controversy." See Steffel v. Thompson, 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974).
*1151 Defendant argues Plaintiff has not presented a justiciable controversy because no action has actually been brought against him under § 47.5, and § 47.5 does not directly restrict Plaintiff's freedom of expression. Plaintiff argues Defendant's threats to sue for defamation are sufficient to create a justiciable claim.
In determining whether a claim of this sort is justiciable, the issue is "whether any perceived threat to [plaintiff] is sufficiently real and immediate to show an existing controversy" and is not just "imaginary or speculative." Blum v. Yaretsky, 457 U.S. 991, 1000, 102 S.Ct. 2777, 2784, 73 L.Ed.2d 534 (1982) (citation omitted).
The threat of a defamation suit by Defendant is more than "imaginary or speculative." Defendant has indicated his intent to file such a suit several times to Plaintiff, and has preserved his ability to do so by placing a temporary hold on his action pending the result of this case. It appears that the threat is immediate enough to create a justiciable controversy. Bland v. Fessler, 88 F.3d 729, 736-37 (9th Cir.1996).
Plaintiff need not wait until Defendant actually files suit. The threat of a lawsuit is not just speculative. There is a justiciable controversy.[3]

2. Color of state law

A § 1983 defendant acts under color of state law if he "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (citation omitted).
Defendant fits this description. All the relevant events in this case arose out of Defendant's performance of his job as a police officer. This case involves a provision of state law that was created for, and applies solely to, peace officers.
Defendant has presented no authority to suggest otherwise. Though he rightly argues not all actions taken by state government employees are necessarily under color of state law, all of the examples he provides are cases in which the defendants' actions were well outside the performance of their official duties.[4]
The events in this case, starting with the traffic stop, followed by the citizen complaint, and ending in the threats of a defamation suit under § 47.5, are all unavoidably tied to Collier's position as a police officer. For purposes of this action, Defendant's conduct was under color of state law.

3. Constitutionality

In general, states are free to regulate defamatory speech, so long as that regulation meets the constitutional standards in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
California law generally protects citizen complaints about the conduct of public officials against lawsuits for defamation or libel. See Cal.Civ.Code § 47 (establishing privilege encompassing such complaints). Cal.Civ.Code § 47.5 creates a *1152 specific exception to this general protection for citizen complaints made against peace officers.[5]
Section 47.5 restricts defamatory speech against one group of public officials (peace officers), while leaving intact the protections for defamatory speech against other public officials. Within a broad category of proscribable speech (defamation), California has generally chosen not to proscribe that speech when targeted at public officials. Cal.Civ.Code § 47. It has, however, carved out an exception for peace officers. Cal.Civ.Code § 47.5.
This is a form of content-based discrimination, since speech about one group of public officials is treated differently than speech about other public officials. State government content-based discriminations against speech must be examined carefully to determine whether they violate the First Amendment, which is incorporated concerning the states by the Fourteenth Amendment.
The Supreme Court set the test for determining the constitutionality of content-based discriminations against speech in R.A.V. v. City of St. Paul, 505 U.S. 377, 387-90, 112 S.Ct. 2538, 2545-47, 120 L.Ed.2d 305 (1992). Most content-based discrimination is prohibited, but the prohibition "is not absolute" and "applies differently in the context of proscribable speech than in the area of fully protected speech." Id., 505 U.S. at 387, 112 S.Ct. at 2545.
Content discrimination against a particular type of proscribed speech is permissible when the basis for it "consists entirely of the very reason the entire class of speech at issue is proscribable." Id., 505 U.S. at 388, 112 S.Ct. at 2545. Content-based discrimination is also permissible if the discrimination is based on "secondary effects" and is "justified without reference to the content of the ... speech." Id., 505 U.S. at 389, 112 S.Ct. at 2546 (citations omitted). Finally, content-based discrimination might be permissible in other situations, "so long as the nature of the content discrimination is such that there is no realistic possibility that official suppression of ideas is afoot." Id., 505 U.S. at 390, 112 S.Ct. at 2547.
The basis for the content discrimination in this case does not "consist entirely of the very reason" that defamatory speech is proscribable. Defamatory statements are proscribable because they are false and injurious to their targets. Nothing about the position of a peace officer is inherently tied to the policies underlying the law of defamation, as compared to the position of other government officers.
Nor does the basis for the content discrimination in this case arise out of the policies underlying § 47 and the prevention of defamation suits against citizen complainants by other public officials. That provision and the privilege it creates are designed to "assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing." Imig v. Ferrar, 70 Cal.App.3d 48, 55, 138 Cal.Rptr. 540 (1977). See also Silberg v. Anderson, 50 Cal.3d 205, 213, 266 Cal.Rptr. 638, 786 P.2d 365 (1990) (stating the § 47 privilege for statements in judicial proceedings is designed to "afford ... freedom of access to the courts without fear of being harassed subsequently by derivative tort actions"). The peace officer exception in § 47.5 does not serve this policy.
The content discrimination in this case is not based on "secondary effects." Because it is a provision authorizing defamation suits, § 47.5 is inherently about speech  it is a direct restriction on the speech of citizen complainants. It is similarly not "justified without reference to the content of the speech," since it is triggered by the *1153 content of a citizen's complaint  only when a complaint involves a peace officer does the provision apply.
Finally, it cannot be said that the content discrimination in § 47.5 is of a sort where there is "no realistic possibility that official suppression of ideas is afoot." Though § 47.5 may serve the goal of protecting peace officers from unfounded complaints, it is realistic to conclude it might also be used to discourage legitimate complaints.
Section 47.5 can survive constitutional challenge only if it is "narrowly tailored to serve compelling state interests." R.A.V., supra, 505 U.S. at 395, 112 S.Ct. at 2549. The Court finds that it is not. Section 47.5 may in fact hinder the policies underlying § 47 by partially blocking the "open channel" of communication between citizens and their government, at least as to one group of public officials. No showing has been made that there is a serious problem of false complaints against police.
Even if the state interest behind the content discrimination in § 47.5 were compelling, the provision is not narrowly tailored to fit that interest. Significant protections from false complaints are already afforded to police officers by their internal oversight agencies, in addition to the possibility of perjury charges for false complainants. See Plaintiff's Reply, pp. 24-25. If these protections are insufficient, California may strengthen existing safeguards or provide procedures to ensure police officers' careers are not put in jeopardy until after a complaint's truth is verified.
By treating citizen complaints against police officers differently from complaints against all other government officers, § 47.5 makes an impermissible content-based discrimination against a type of speech. As presently written, it is facially unconstitutional, violating the First and Fourteenth Amendments.
Plaintiff's Motion for Summary Judgment is GRANTED.

*1154 APPENDIX

 STATE-BY-STATE PRIVILEGES FOR CITIZENS COMPLAINTS
 Statutory Privileges Common Law Privileges
 -----------------------------------------------------------------------------------------------------------------
| Alabama | no applicable provision located | Actual malice/qualified privilege |
| | | standard of New York Times v. |
| No special provision for | | Sullivan applies to comments and |
| police officers | | complaints directed toward public |
| | | officials. Camp v. Yeager, 601 So. |
| | | 2d 924 (Ala. 1992) |
| | | Qualified privilege. |
|-------------------------------|-----------------------------------------|---------------------------------------|
| Alaska | no applicable provision located | Actual malice standard of New |
| | | York Times v. Sullivan applies to |
| No special provision for | | comments and complaints directed |
| police officers | | toward public officials. Beard v. |
| | | Baum, 796 P.2d 1344 (Alaska |
| | | 1990). |
| | | Qualified privilege. |
|-------------------------------|-----------------------------------------|---------------------------------------|
| Arizona | no applicable provision located | Statements about public officials |
| | | are conditionally privileged under |
| No special provision for | | Arizona law and police officers |
| police officers | | are recognized as public officials. |
| | | Olive v. City of Scottsdale, 969 |
| | | F.Supp. 564 (D. Ariz. 1996). See |
| | | also Melton v. Slonsky, 504 P.2d |
| | | 1288 (Ariz. Ct. App. 1973); Selby |
| | | v. Savard, 134 Ariz. 222 (1982). |
| | | Conditional Privilege. |
|-------------------------------|-----------------------------------------|---------------------------------------|
| Arkansas | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times and police officers are |
| | | public officials. Karr v. |
| | | Townsend, 606 F.Supp 1121 |
| | | (W.D.Ark. 1985). |
|-------------------------------|-----------------------------------------|---------------------------------------|
| California | California Civil Code § 47 | Absolute privilege applies to |
| | provides an absolute privilege for | "communications between citizens |
| Statutory exception to | statements made in the course of | and public authorities whose |
| statutory absolute privilege | official proceedings. | responsibility is to investigate and |
| for police officers | | remedy wrongdoing." Imig v. |
| | | Ferrar, 70 Cal. App. 3d 48, 56 |
| | California Civil Code § 47.5, | (1977) |
| | enacted in 1982, makes an | |
| | exception to the § 47/Imig rule for | |
| | complaints of misconduct by a | |
| | "peace officer" | |
 -----------------------------------------------------------------------------------------------------------------

*1155
 ----------------------------------------------------------------------------------------------------------------
| Colorado | no applicable provision located | Actual malice standard of New |
| | | York Times v. Sullivan applies to |
| No special provision for | | comments and complaints directed |
| police officers | | toward public officials. Manuel v. |
| | | Fort Collins Newspapers Inc., 661 |
| | | P.2d 289 (Colo. App. 1982). |
| | | Police officers are public officials. |
| | | Willis v. Perry, 677 P.2d |
| | | 961(Colo. App. 1983). |
| | | Qualified privilege |
|--------------------------------|---------------------------------------|---------------------------------------|
| Connecticut | no applicable provision located | Absolute privilege is an |
| | | affirmative defense, which applies |
| No special provision for | | to statements made in connection |
| police officers | | with administrative proceedings |
| | | that are quasi-judicial in nature, |
| | | including statements made in |
| | | connection with an agency's quasi-judicial |
| | | investigatory powers. |
| | | Petyan v. Ellis, 200 Conn. 243, |
| | | 246 (1986); Magnan v. Anaconda |
| | | Industries, Inc., 37 Conn. Supp. |
| | | 38, 45-46 (1980); see also Bieluch |
| | | v. Smith, 1993 Conn. Super. Lexis |
| | | 1319 (written complaint to the |
| | | state police, concerning alleged |
| | | misconduct of a state police officer |
| | | was entitled to an absolute |
| | | privilege because a quasi-judicial |
| | | proceeding was involved). The |
| | | privilege may be lost by |
| | | unnecessary or unreasonable |
| | | publication to one for whom the |
| | | occasion is not privileged. Kelley |
| | | v. Bonney, 221 Conn. 549 (1992). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Delaware | no applicable provision located | New York Times v. Sullivan, actual |
| | | malice standard applies to |
| No special provision for | | comments and complaints about |
| police officers | | public officials. Jackson v. |
| | | Filliben, 281 A.2d 604 (Del. |
| | | Super. Ct. 1971). |
| | | Qualified privilege. |
 ----------------------------------------------------------------------------------------------------------------

*1156
 ----------------------------------------------------------------------------------------------------------------
| D.C. | no applicable provision located | New York Times v. Sullivan, actual |
| | | malice standard applies to |
| No special provision for | | comments and complaints about |
| police officers | | public officials. See White v. |
| | | Fraternal Order of Police, 707 |
| | | F.Supp. 579 (D.D.C. 1989). |
| | | |
| | | One who writes communications |
| | | to police officials concerning |
| | | alleged misconduct of a police |
| | | officer is entitled to a qualified |
| | | privilege against liability for libel |
| | | and slander. Sowder v. Nolan, |
| | | 125 A.2d 52 (App. D.C. 1956). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Florida | "Policeman's Bill of Rights," F.S. | Police officers are public officials |
| | 112.532(3)(1983) provides that | "subject to fair comment and |
| No special rights for | "Every law enforcement officer or | criticism from any member of the |
| police officers, as statute is | correctional officer shall have the | public..." White v. Fletcher, 90 |
| interpreted by State | right to bring civil suit against any | So. 2d 129, 131 (Fla. 1956); See |
| Supreme Court | person, group of persons, or | also Harrison v. Williams, 430 So. |
| | organization or corporation, or the | 2d 585 (Fla. Dist. Ct. App. 1983). |
| | head of such organization or | |
| | corporation, for damages, either | A citizen complaint filed through |
| | pecuniary or otherwise, suffered | the system set up by a Dade |
| | during the performance of the | County ordinance (Internal |
| | officer's official duties or for | Review Panel), was subject to |
| | abridgement of the officer's civil | absolute privilege because the |
| | rights arising out of the officer's | IRP proceedings constituted |
| | performance of official duties. | proceedings authorized by law. |
| | Held: facially constitutional by | Gray v. Rodriguez, 481 So. 2d |
| | Florida Supreme Court because the | 1298 (Fla. Dist. Ct. App. 1986). |
| | Court found the provision to be | Russell v. Smith, 434 So. 2d 342 |
| | merely a codification of the | (Fla. Dist. Ct. App. 1983), held |
| | common law: "the statute confers | that three letters of complaint |
| | on Mesa no right to sue for | written to Chief of Police, Plaintiff |
| | defamation greater than any right | Police Officer, and two judges |
| | he possesses under Florida law | (only one of whom had an, |
| | without it." Mesa v. Rodriguez, | arguably, legitimate legal interest |
| | 357 So. 2d 711, 713 (Fla. 1978), | in the subject matter) were subject |
| | as applied challenge not decided. | to a qualified privilege under |
| | | New York Times v. Sullivan. |
 ----------------------------------------------------------------------------------------------------------------

*1157
 ----------------------------------------------------------------------------------------------------------------
| Georgia | O. C. G. A. § 51-5-7(9) provides | Privileged communications |
| | that "Comments upon the acts of | enumerated in this section are |
| No special provision for | public men or public women in | conditional privileges. Lamb v. |
| police officers | their public capacity and with | Fedderwitz, 68 Ga. App. 233 |
| | reference thereto" are deemed | (1942), aff'd, 195 Ga. 691 (1943); |
| | privileged. | Atlanta Journal Co. v. Doyal, 82 |
| | | Ga. App 321, 60 S.E2d 802 (Ga. |
| | | Ct. App. 1950). |
| | | |
| | O. C. G. A. § 51-5-5 provides "In | Public official can recover only |
| | all actions for printed or spoken | upon clear and convincing proof |
| | defamation, malice is inferred | that the defamatory falsehood was |
| | from the character of the charge. | made with knowledge of its falsity |
| | However, the existence of malice | or in reckless disregard for the |
| | may be rebutted by proof. In all | truth. Rogers v. Adams, 98 Ga. |
| | cases, such proof shall be | App. 155, (1958); Williams v. |
| | considered in mitigation of | Trust Co., 140 Ga. App. 49 |
| | damages. In cases of privileged | (1976). |
| | communications, such proof shall | |
| | bar recovery." | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Hawaii | H.R.S. 663-1 codifies the general | New York Times v. Sullivan, actual |
| | right of all persons to redress their | malice standard applies to |
| No special provision for | grievances through the courts | comments and complaints about |
| police officers | | public officials. Mehau v. |
| | | Gannettt Pac. Corp., 658 P.2d 312 |
| | | (Haw. 1983). |
| | | Qualified privilege. |
|--------------------------------|---------------------------------------|---------------------------------------|
| Idaho | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
 ----------------------------------------------------------------------------------------------------------------

*1158
 ----------------------------------------------------------------------------------------------------------------
| Illinois | no applicable provision located | Citizen complaints about police |
| | | and public officials are subject to a |
| No special provision for | | qualified privilege so long as the |
| police officers | | "occasion" in question creates |
| | | some recognized duty or interest |
| | | so as to make the communication |
| | | privileged, i.e. interest of the |
| | | communicator is involved; interest |
| | | of the person to whom |
| | | communication was made is |
| | | involved; or, public interest is |
| | | involved. Doe v. Kutella, 1995 |
| | | U.S. Dist. Lexis 18950 (N.D.Ill.). |
| | | See also Coursey v. Greater Niles |
| | | Township Publishing Corp., 40 Ill. |
| | | 257 (1968); Flannery v. Allyn, 47 |
| | | Ill. App. 2d 308 (1964). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Indiana | no applicable provision located | New York Times v. Sullivan actual |
| | | malice standard applies to |
| No special provision for | | comments and complaints about |
| police officers | | public officials. WTHR-TV v. |
| | | Cline, 693 N.E.2d 1 (Ind. 1998); |
| | | Conwell v. Beatty, 667 N.E.2d |
| | | 768 (Ind. Ct. App. 1996) |
| | | Qualified privilege. |
|--------------------------------|---------------------------------------|---------------------------------------|
| Iowa | no applicable provision located | Comments and complaints |
| | | regarding public officials or the |
| No special provision for | | "common public interest" are |
| police officers | | subject to a qualified privilege. |
| | | Brown v. First Nat'l. Bank of |
| | | Mason City, 193 N.W.2d 547 |
| | | (Iowa 1972); Kelly v. Iowa State |
| | | Educ. Assn., 372 N.W.3d 288 (Ia. |
| | | App. 1988). |
 ----------------------------------------------------------------------------------------------------------------

*1159
 ----------------------------------------------------------------------------------------------------------------
| Kansas | no applicable provision located | New York Times v. Sullivan actual |
| | | malice standard applies to |
| No special provision for | | comments and complaints about |
| police officers | | public officials. Ruebke v. Globe |
| | | Communications Corp., 738 P.2d |
| | | 1246 (Kan. 1987). |
| | | Police officers are public officials. |
| | | Rawlins v. Hutchinson Publishing |
| | | Co., 218 Kan. 295; Redmond v. |
| | | Sun Publishing Co., 716 P.2d 168 |
| | | (Kan. jn 1986). |
| | | Qualified privilege |
|--------------------------------|---------------------------------------|---------------------------------------|
| Kentucky | no applicable provision located | Actual malice standard of New |
| | | York Times v. Sullivan applies to |
| No specific provision for | | comments and complaints directed |
| police officers | | toward public officials. Bichler v. |
| | | Union Bank and Trust Co. of |
| | | Grand Rapids, 745 F.2d 1006 (6th |
| | | Cir. 1984). |
| | | Qualified privilege. |
|--------------------------------|---------------------------------------|---------------------------------------|
| Louisiana | La.R.S. 14:49 provides that "A | New York Times rule applies to |
| | qualified privilege exists and | comment upon the actions of |
| No special provision for | actual malice must be proved, | public officials and police officers |
| police officers | regardless of whether the | are public officials. Landrum v. |
| | publication is true or false, in the | Board of Com'rs. of the Orleans |
| | following situations: (2) Where the | Levee Dist., 685 So.2d 382 (La. |
| | publication or expression is a | Ct. App. 1996); Thompson v. St. |
| | comment made in the reasonable | Amant, 250 La: 405 (1967). |
| | belief of its truth, upon (a) The | |
| | conduct of a person in respect to | |
| | public affairs; ... (3) Where the | |
| | publication or expression is made | |
| | to a person interested in the | |
| | communication, by one who is also | |
| | interested or who stands in such a | |
| | relation to the former as to afford a | |
| | reasonable ground for supporting | |
| | that his motive is innocent. | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Maine | no applicable provision located | Comments and complaints about |
| No special provision for | | public officials are subject to a |
| police officers | | qualified privilege under New |
| | | York Times and police officers are |
| | | public officials. Roche v. Egan, |
| | | 433 A.2d 757 (Me. 1981). |
 ----------------------------------------------------------------------------------------------------------------

*1160
 ----------------------------------------------------------------------------------------------------------------
| Maryland | no applicable provision located | Absolute privilege applies to |
| | | citizen complaints about police |
| No special provision for | | brutality, where the complaint is |
| police officers | | made under oath and initiates an |
| | | administrative disciplinary |
| | | proceeding. Miner v. Novotny, |
| | | 498 A.2d 269 (Md. 1985) |
|--------------------------------|---------------------------------------|---------------------------------------|
| Massachusetts | no applicable provision located | Conditional privilege where the |
| | | publisher and recipient have a |
| No special provision for | | common interest in the subject |
| police officers | | matter of the publication and the |
| | | publication is in furtherance of |
| | | that interest. Foley v. Polaroid, |
| | | 400 Mass. 82 (1987). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Michigan | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege. Lawrence v. |
| police officers | | Fox, 357 Mich. 134 (1959). |
| | | Police officers are "public |
| | | officials." Id. at 143-144. |
|--------------------------------|---------------------------------------|---------------------------------------|
| Minnesota | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Mississippi | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times and police officers are |
| | | public officials. Ethridge v. North |
| | | Miss. Comms., 460 F.Supp 347 |
| | | (N.D.Miss. 1978). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Missouri | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times and police officers are |
| | | public officials. Shafer v. Lamart |
| | | Pub. Co., 621 S.W.2d 709 (Mo. |
| | | Ct. App. 1981), Racciotti v. Zinn, |
| | | 550 S.W.2d 217 (Mo. Ct. App. |
| | | 1977); Rowden v. Amick, 446 |
| | | S.W.2d 849 (Mo. Ct. App. 1969). |
 ----------------------------------------------------------------------------------------------------------------

*1161
 ----------------------------------------------------------------------------------------------------------------
| Montana | M.C.A. 27-1-804 provides that a | No case law located specifically |
| | privileged communication is one | addressing whether citizen |
| No special provision for | made: (3) in a communication | complaints would be covered by |
| police officers | without malice to a person | section |
| | interested therein by one who is | |
| | also interested or by one who | |
| | stands in such relation to the | |
| | person interested to afford a | |
| | reasonable ground for supposing | |
| | the motive for the communication | |
| | innocent or who is requested by | |
| | the person interested to give the | |
| | information; | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Nebraska | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Nevada | no applicable provision located | Complaints about police officers |
| | | made to internal affairs, as well as |
| No special provision for | | complaints about public officials |
| police officers | | generally when aired in the proper |
| | | forum, are subject to absolute |
| | | privilege. Lewis v. Benson, 101 |
| | | Nev. 300 (1985). |
|--------------------------------|---------------------------------------|---------------------------------------|
| New Hampshire | no applicable provision located | New Hampshire rule is that |
| | | determination of public official |
| No special provision for | | status is a jury question to be |
| police officers | | decided in light of the |
| | | circumstances of each case, thus |
| | | police officers do not as a matter |
| | | of law qualify as public official for |
| | | purposes of New York Times rule. |
| | | Nash v. Keene Pub. Corp., 127 |
| | | N.H. 214 (1985). |
| | | Qualified privilege applies where |
| | | jury finds public official status. Id.|
| | | at 222. |
|--------------------------------|---------------------------------------|---------------------------------------|
| New Jersey | no applicable provision located | New York Times v. Sullivan rule |
| | | applies to comment upon the |
| No special provision for | | actions of public officials and |
| police officers | | police officers qualify as public |
| | | officials. Costello v. Ocean |
| | | County Observer, 136 N.J. 594 |
| | | (1994). |
| | | Qualified privilege. |
 ----------------------------------------------------------------------------------------------------------------

*1162
 ----------------------------------------------------------------------------------------------------------------
| New Mexico | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. |
| | | Ammerman v. Hubbard |
| | | Broadcasting, 91 N.M 250 (1977). |
|--------------------------------|---------------------------------------|---------------------------------------|
| New York | no applicable provision located | Citizen complaints about public |
| | | officials, including police officers, |
| No special provision for | | aired in the proper forum, are |
| police officers | | protected by an absolute |
| | | privilege. Campo v. Rega, 79 |
| | | A.D.2d 626 (N.Y. App. Div. |
| | | 1980). |
|--------------------------------|---------------------------------------|---------------------------------------|
| North Carolina | no applicable provision located | Comments and complaints |
| | | regarding public officials are |
| No special provision for | | subject to a qualified privilege |
| police officers | | under New York Times and law |
| | | enforcement personnel are public |
| | | officials for purposes of the |
| | | privilege. Penland v. Long, 922 |
| | | F.Supp. 1085 (W.D.N.C. 1996) |
|--------------------------------|---------------------------------------|---------------------------------------|
| North Dakota | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Ohio | no applicable provision located | Comments and complaints |
| | | directed toward public officials are |
| No special provision for | | subject to a qualified privilege |
| police officers | | and law enforcement personnel |
| | | qualify as public officials. |
| | | Waterson v. Cleveland State |
| | | University, 93 Ohio App. 3d 792 |
| | | (1994). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Oklahoma | 12 O.S. 1981 § 1443.1 provides | Where the filing of a complaint |
| | that | against a police officer is a |
| No special provision for | | "proceeding authorized by law," |
| police officers | A. A privileged publication or | such a complaint is subject to an |
| | communication is one made: | absolute privilege. White v. |
| | First. In any legislative or judicial | Basnett, 700 P.2d 666 (1985). |
| | proceeding or any other | |
| | proceeding authorized by law; | |
| | | |
| | B. No publication which under | |
| | this section would be privileged | |
| | shall be punishable as libel | |
 ----------------------------------------------------------------------------------------------------------------

*1163
 ----------------------------------------------------------------------------------------------------------------
| Oregon | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. |
| | | McNabb v. Oregonian Pub., 685 |
| | | P.2d 458 (1984). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Pennsylvania | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. |
| | | Coughlin v. Westinghouse |
| | | Broadcasting and Cable, Inc., 780 |
| | | F.2d 340 (3rd Cir. 1985). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Rhode Island | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. Hall |
| | | v. Rogers, 490 A.2d 502 (R.I. |
| | | 1985). |
|--------------------------------|---------------------------------------|---------------------------------------|
| South Carolina | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. |
| | | McClain v. Arnold, 275 S.C. 282 |
| | | (1980). |
|--------------------------------|---------------------------------------|---------------------------------------|
| South Dakota | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Tennessee | no applicable provision located | New York Times v. Sullivan rule |
| | | applies to complaints about public |
| No special provision for | | officials and a highway patrolman |
| police officers | | is a public official. Roberts v. |
| | | Dover, 525 F.Supp 987 (MD |
| | | Tenn, 1981). |
| | | Qualified privilege |
 ----------------------------------------------------------------------------------------------------------------

*1164
 ----------------------------------------------------------------------------------------------------------------
| Texas | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. Times |
| | | Herald Printing Co. v. Bessent, |
| | | 601 S.W.2d 487 (Tex. Civ. App. |
| | | 1980). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Utah | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times v. Sullivan and police |
| | | officers are public officials. |
| | | Madsen v. United Television, 797 |
| | | P.2d 1083 (Utah 1990). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Vermont | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New York |
| police officers | | Times and police officers are |
| | | public officials. Columbo v. |
| | | Times-Argus Ass'n., 135 Vt. 454 |
| | | (1977). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Virginia | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| Washington | no applicable provision located | No specific comment found |
| | | regarding privileged status of |
| No special provision for | | citizen complaints. |
| police officers | | |
|--------------------------------|---------------------------------------|---------------------------------------|
| West Virginia | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times and police officers are |
| | | public officials. Starr v. Beckley |
| | | Newspaper Corp., 157 W.Va. 447 |
| | | (1974). |
|--------------------------------|---------------------------------------|---------------------------------------|
| Wisconsin | no applicable provision located | Comments and complaints about |
| | | public officials are subject to a |
| No special provision for | | qualified privilege under New |
| police officers | | York Times and police officers are |
| | | public officials. Pronger v. ODell, |
| | | 1127 Wis. 2d 292 (1985). |
 ----------------------------------------------------------------------------------------------------------------
 ----------------------------------------------------------------------------------------------------------------
| Wyoming | no applicable provision located | Comments regarding public |
| | | officials are subject to a qualified |
| No special provision for | | privilege and street level police |
| police officers | | officers are public officials. Gray |
| | | v. Udevitz, 656 F.2d 588 (10th |
| | | Cir. 1981). |
 ----------------------------------------------------------------------------------------------------------------

NOTES
[1] The only other state that has a law pertaining to police officer lawsuits is Florida. In contrast to California, Florida does not treat complaints against police officers differently from complaints against other public officials, and does not specifically target citizen complaints or any other from of speech. Florida's law, instead, states that: "Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person ... for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties." Fla. Stat. § 112.532(3). As the Florida Supreme Court has construed it, this section "confers on [the police officer] no right to sue for defamation greater than any right he possesses under Florida law without it." Mesa v. Rodriguez, 357 So.2d 711, 713 (Fla.1978). Because Florida's law does not give police officers any special right to sue, it was upheld by the Florida Supreme Court. Id.
[2] In January 1999 the Court certified to the California Attorney General that the constitutionality of § 47.5 was "drawn into question" by this action. The Attorney General has elected to take no part in these proceedings.
[3] Where a statute's existence has a "chilling effect on free expression," it may be challenged even by someone not immediately threatened by it. Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22, 29 (1965). Section 47.5 has such an effect, since it imposes greater risk upon citizens who report claimed police misconduct and thereby discourages the filing of complaints.
[4] Defendant relies primarily on Johnson v. Knowles, 113 F.3d 1114 (9th Cir.1997) (finding that ousters of homosexual members by a Republican party committee were not under color of state law because political parties are private, not public entities); and Laxalt v. McClatchy, 622 F.Supp. 737 (finding a U.S. Senator's demand letter, before filing a defamation action for stories linking him to organized crime, was not under color of state law). This case is distinguishable from both of those, since Collier's actions are inextricably linked to his official position and duties.
[5] Section 47.5 is not the only exception, but it is the only one which applies to a group of people. Section 47 itself contains several exceptions to the privilege, including certain unsworn or malicious allegations in divorce proceedings, communications in furtherance of destruction of evidence, and knowing concealment of an insurance policy in a judicial proceeding.