**Anton JUNGHERR, Plaintiff–Appellant,**

**v.**

**SAN FRANCISCO U.S.D. BOARD OF EDUCATION, and Myra Kopf, former president of the Board, Defendants–Appellees.**

**No. 89–15364.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1990.

Decided Jan. 17, 1991.

---

Donald A. Casper, Jacobs, Spotswood, Ryken & Winnie, San Francisco, Cal., for plaintiff-appellant.

Randy Riddle and Karen B. Konigsberg, Deputy City Attys., San Francisco, Cal., for defendant-appellee.

Before HUG, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

On October 7, 1986, Myra Kopf ("Kopf"), as President of the Board of Education of the San Francisco Unified School District ("Board"), filed a defamation action against Appellant Anton Jungherr ("Jungherr") in California Superior Court. That action arose out of statements Jungherr made at a public meeting of the Board about Kopf's handling of board business. Jungherr was granted a motion for summary judgment on March 4, 1987.

On September 13, 1988, Jungherr filed an action in the United States District Court under 42 U.S.C. Section 1983, against the Board and Kopf, for acts performed pursuant to her authority as Board President. Jungherr's complaint alleged that 1) Kopf acted under authority of her office as president of the board in bringing a defamation action against Jungherr; 2) Jungherr made statements at a public meeting regarding Kopf's handling of certain board business; and 3) filing the defamation action deprived Jungherr of his first amendment right to freedom of speech and his fourteenth amendment right to equal protection. Jungherr claimed that as a result of Kopf's official acts, he incurred and should recover for attorney's fees in the sum of $28,-371.25 and emotional and physical distress of an unspecified amount. Jungherr also asserted punitive damages in the sum of $1,250,000. The district court dismissed Jungherr's complaint, with prejudice, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim for which relief can be granted. Jungherr appeals this dismissal.

*DISCUSSION*

Jungherr contends that Kopf's defamation action, brought in her capacity as President of the Board, gives rise to a section 1983 action. We disagree. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Jungherr does not point to a statute, ordinance, regulation, custom, or usage that subjected him to the alleged deprivation of his first and fourteenth amendment rights. Instead, Jungherr notes that a libel action by a government entity has never been upheld. *New York Times Co. v. Sullivan,*

376 U.S. 254, 291, 84 S.Ct. 710, 732, 11 L.Ed.2d 686 (1964). Because it is virtually impossible for a government entity to prevail on a defamation action, Jungherr argues that merely bringing such an action infringes the defendant's first and fourteenth amendment rights. He alleges this is so, not because the action precludes the defendant from speaking, but because the defendant is forced to endure the burden and expense of defending himself in court for speaking.

Although the precise issue of whether a defamation suit brought by a governmental entity gives rise to a section 1983 action has not been addressed, cases in our circuit and the Supreme Court give us some guidance. In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), Jones brought a libel action against Calder in California state court, and the Supreme Court addressed whether first amendment concerns should enter into a personal jurisdiction analysis. The apparent contention by the petitioner in *Calder* was that the possible burden on first amendment interests should weigh against an assertion of personal jurisdiction. Rejecting this contention, *Calder* held:

[T]he potential chill on protected First Amendment activity stemming from libel and defamation actions is already taken into account in the constitutional limitations on the substantive law governing such suits. See *New York Times Co. v. Sullivan*, 376 U.S. 254 [84 S.Ct. 710, 11 L.Ed.2d 686] (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 [94 S.Ct. 2997, 41 L.Ed.2d 789] (1974). To reintroduce those concerns at the jurisdictional stage would be a form of double counting. We have already declined in other contexts to grant special procedural protections to defendants in libel and defamation actions in addition to the constitutional protections embodied in the substantive laws.

*Calder v. Jones*, 465 U.S. 783, 790–91, 104 S.Ct. 1482, 1487–88, 79 L.Ed.2d 804 (1984).

Although we are not engaged in a jurisdictional analysis, *Calder*'s reasoning applies here. Jungherr, like the petitioner in *Calder*, is free to exercise his first amendment right. That right, however, does not encompass a guarantee that he will never need to defend the speech in court. Once in court, however, any libel or defamation challenge to the exercise of the first amendment right must satisfy the strict *New York Times* standard. The *New York Times* requirement that the plaintiff must show actual malice on the part of a libel or defamation defendant protected Jungherr's speech in this instance because it lead to a summary judgment in his favor rather than forcing him to endure protracted litigation. *See New York Times*, 376 U.S. at 283, 84 S.Ct. at 727.

Further guidance on this issue is provided by *Laxalt v. McClatchy*, 622 F.Supp. 737 (D.C.Nev.1985). Relying on *Calder*, *Laxalt* held that a newspaper, sued for libel by a United States Senator, could not counterclaim for alleged violations of its first amendment rights. *Laxalt*, 622 F.Supp. at 743. *Laxalt* correctly stated

In this case, it is clear that the filing of a libel action cannot be considered to "chill" first amendment rights. As in *Calder*, the defendants' protection from any potential first amendment damage lies in the standards of *New York Times* and not in a first amendment *Bivens* action. To permit defendants to bring this counterclaim would be to allow exactly the form of "double counting" which the Court decried in *Calder*.

*Id.* at 751. Accordingly, the district court correctly granted Kopf's motion to dismiss. Given our disposition on this issue, we need not address other issues raised by Jungherr.

AFFIRMED.