**Gary A. HALL, Plaintiff–Appellant,**

v.

**RAYTHEON MISSILE SYSTEMS COMPANY; et al., Defendants–Appellees.**

No. 02–15621.

D.C. No. CV–00–00051–ACM.

United States Court of Appeals, Ninth Circuit.

* Because the panel unanimously finds this case suitable for decision without oral argument, Pope's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Submitted Nov. 18, 2002.*

Decided Nov. 21, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Gary A. Hall appeals pro se the district court's judgment, pursuant to Fed.R.Civ.P. 12(b)(6), dismissing his action under 42 U.S.C. § 1983 and 29 U.S.C. § 185(a) (section 301 of the Labor Management Relations Act of 1937). Because the district court certified its interlocutory order pursuant to Fed.R.Civ.P. 54(b), we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996), as well as dismissals based on the statute of limitations, *Williamson v. Gen. Dynamics Corp.,* 208 F.3d 1144, 1149 (9th Cir.), *cert. denied,* 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 247 (2000). We affirm.

The district court properly dismissed Hall's 42 U.S.C. § 1983 claims because he failed to allege that any of the defendants engaged in state action. *See Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir.2001).

The district court properly dismissed Hall's section 301 claims as time-barred because Hall did not file the instant complaint until November 17, 1999, more than six months after his union notified him that it was not pursuing his claims against Raytheon. *See Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir. 1998).

Hall's remaining contentions lack merit.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

