**Mohammed Akrum GHAFOOR, Plaintiff—Appellant,**

v.

**FOUR QUEENS HOTEL & CASINO, INC.; et al., Defendants— Appellees.**

**No. 07–15551.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Mohammed Akrum Ghafoor, Henderson, NV, pro se.

Kimberly A. Wanker, Esquire, Las Vegas, NV, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Mohammed Akrum Ghafoor appeals pro se from the district court's order dismissing his action alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Everest and Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994), and we affirm.

The district court properly dismissed Ghafoor's ADEA claim because he failed to raise any allegations of age discrimination in his Equal Employment Opportunity Commission Charge of Discrimination. *See Limongelli v. Postmaster Gen.*, 707 F.2d 368, 373 (9th Cir.1983) (per curiam) (holding that plaintiff could not look to the courts for relief because he did not exhaust his administrative remedies under the ADEA).

The district court properly dismissed Ghafoor's section 1983 claim because he did not allege actions taken under color of state law. *See Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir.2001) ("To state a claim under § 1983, the plaintiff must ... show that the defendant's actions were taken under color of state law.").

The district court properly dismissed the claims against Dual B. Cooper, Jr., Linda Yard, Ken Muellis, and Robert Michael Cailor because individual defendants cannot be held liable under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993).

The district court properly dismissed the Title VII claims because they are time-barred. *See Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir.1992) (explaining that if a claimant fails to file a Title VII civil action within 90 days from the date the Equal Employment Opportunity Commission dismisses a claim, the action is barred).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.