**Ralph TODD, Plaintiff—Appellant,**

**v.**

**Officer WISMAR; et al., Defendants— Appellees.**

**No. 07–55335.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 21, 2008.*

Filed Nov. 25, 2008.

John E. Sweeney, Esq., John E. Sweeney & Associates, Westlake Village, CA, for Plaintiff–Appellant.

Martin R. Berman, Los Angeles, CA, for Defendant–Appellee Margorie Baxter.

Before: PREGERSON and HAWKINS, Circuit Judges, and CUDAHY **, Senior Circuit Judge.

MEMORANDUM ***

Appellant Ralph Todd ("Todd") appeals the district court's summary judgment grant in favor of Appellees Margorie Bax-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ter ("Baxter"), Simi Valley Police Officer James Wismar ("Officer Wismar"), and the City of Simi Valley ("City") (collectively, "Defendants"). Because the parties are aware of the facts, we recount them only to the extent necessary to understand this disposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment.

We review the district court's grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

■ Todd argues that, because Defendants failed to include citations to their Separate Statement of Undisputed Facts and Conclusions of Law ("Separate Statement") or the supporting declarations of Baxter and Officer Wismar in the Motion for Summary Judgment, the district court was required to deny the Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure and Central District Local Rules 56–1 and 56–2. This argument is without merit. Defendants properly filed a Separate Statement of Undisputed Facts in accordance with Central District Local Rule 56–1. The Separate Statement included detailed citations to properly authenticated admissible evidence-namely the declarations of Baxter and Officer Wismar and the deposition of Todd. *See* C.D. Cal. Rule 56–1 cmt. ("The better practice is to quote the precise evidence that is relied upon . . . and to provide a detailed description of where in the record the quoted evidence can be found."); *see also Orr v. Bank of America, NT & SA,* 285 F.3d 764, 775 (9th Cir.2002) (discussing failure to provide proper cita-

tions in a separate statement of undisputed facts). Accordingly, the district court did not err in considering Defendants' Motion for Summary Judgment and the evidence contained in Defendant's Separate Statement.

Moreover, Todd failed to file a separate statement of genuine issues as required by Central District Local Rule 56–2. As a result, "the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." C.D. Cal. Rule 56–3. The district court was, therefore, correct in considering the facts cited in Defendants' Separate Statement to be undisputed. Based on these undisputed facts, the district court was correct in determining that there were no genuine issues of material fact and in granting summary judgment in favor of Defendants.

■ First, the undisputed facts establish that Baxter was not acting under the color of law. "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendants actions were taken under color of state law." *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *see also Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir.2001). "If a government officer does not act within his scope of employment or under color of state law, then that government officer acts a private citizen." *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir.1996). Although Baxter is employed by a government entity as a City Attorney, she presented undisputed evidence that she was merely acting as a private citizen when she obtained a valid restraining order against Todd and sought to have the restraining order enforced.

■ Second, the undisputed facts established that Officer Wismar did not violate

Todd's constitutional rights when he arrested Todd for violating a restraining order. There was a valid restraining order in effect prohibiting Todd from harassing, threatening, stalking, or keeping Baxter under surveillance. Todd admitted to violating the restraining order by telling Officer Wismar that he had been taking pictures of Baxter. Accordingly, Officer Wismar had probable cause to arrest Todd for violation of Section 273.6(a) of the California Penal Code. *See* Cal.Penal Code § 273.6(a) (stating that knowing and intentional violation of a restraining order is a misdemeanor); Cal.Penal Code § 836(c)(1) (authorizing arrest without warrant where officer has probable cause to believe that restraining order has been violated). Todd's claims that Officer Wismar used excessive force in the arrest or violated his constitutional right to privacy by installing a video camera to monitor Baxter's front door were also negated by the undisputed facts.

Finally, Todd presented no evidence to suggest that his alleged injuries were the result of a policy or custom of the City of Simi Valley. The district court therefore properly granted summary judgment with respect to Todd's claims against the City. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir.1989) (holding that local governments may only be found liable under § 1983 if the plaintiff establishes that his injuries were inflicted pursuant to an official policy or custom).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.