**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK C. CARSON, | No. 11-17392 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-02133-OWW-SMS |
| v. | |
| COUNTY OF STANISLAUS; STEVE JACOBSEN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted June 14, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and SINGLETON, District Judge.[**]

We have jurisdiction to review Carson's First Amendment claim, which was dismissed with prejudice and without leave to amend, even though Carson did not reallege that claim in his first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). The district court did not err in dismissing the federal claims set forth in Carson's original and first amended complaint because neither complaint satisfied the pleading standards set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Carson alleged insufficient facts to support the inference that Jacobsen acted under color of state law. *See Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006). Jacobsen's status as a peace officer at the time of the alleged incident does not automatically render his conduct state action. *See Gritchen v. Collier*, 254 F.3d 807, 812-13 (9th. Cir. 2001). The district court did not abuse its discretion in dismissing Carson's federal claims without further leave to amend because amendment would have been futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). After two attempts, Carson failed to

---

[**]     The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

2

allege facts supporting the inference that Jacobsen acted under color of law. *See id*. at 1051-52.

**AFFIRMED.**