**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| JOHN S. LAMPROS, | No. 14-15968 |
| Plaintiff - Appellee, | D.C. No. 3:14-cv-00026-RCJ-VPC |
| v. | |
| NANCY L. BAKER, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellant, | |
| COUNTY OF WHITE PINE, | |
| Counter-defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nancy Baker appeals from the district court's order dismissing her 42 U.S.C. § 1983 claims and remanding the action back to state court. We have jurisdiction under 28 U.S.C. § 1291, *Naffe v. Frey*, 789 F.3d 1030, 1034–35 (9th Cir. 2015), and we affirm.

I

A

Baker first argues that she has stated a plausible claim for relief under § 1983 against both John Lampros and White Pine County ("County"). Baker's complaint does not contain sufficient factual allegations to give rise to a plausible inference of state action. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). She does not allege that Lampros acted while on duty or when exercising his responsibilities pursuant to state law. *See Naffe*, 789 F.3d at 1037. Nor does she allege that Lampros, while "off duty," purported to or pretended to act under color of law. *See id.* Baker's conclusory allegations merely recite the element of state action, are devoid of further factual development, and are insufficient to state a claim.

B

Baker next argues that the court should treat Lampros's suit as state action because the "state has created its courts" and Lampros used that system to "punish

Baker." That argument is foreclosed by *Gritchen v. Collier*, 254 F.3d 807, 813–14 (9th Cir. 2001). As in *Gritchen*, what Lampros "is doing by . . . suing[] for defamation is no different from what any defamation plaintiff does when he . . . sues under [the relevant statute]. In each instance the plaintiff is simply enabled by state law and decides to pursue the remedy afforded." *Id.* at 814. That does not "convert the plaintiff's purely private action into state action." *Id.*

## C

Baker next argues that, "[b]ut for Lampros' position on the Board of County Commissioners, he would not have possessed the motive that Baker alleges he had in filing the defamation lawsuit against her, because but for his official position, he would not have been a target of Baker's expressive activity." The question is not whether Lampros would have brought suit but for his holding a public position, but whether his suit was, or purported to be, an exercise of his official responsibilities. As in *Gritchen*, Lampros sought a private goal via a private action, and his suit therefore did not constitute state action. *See Gritchen*, 254 F.3d at 813–14.

## D

Baker argues that the district court erred in dismissing *sua sponte* the claim against Lampros, who did not move for dismissal. A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to

3

state a claim." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted). Here, the district court did not act entirely on its own initiative. Instead, the County moved to dismiss because Lampros's suit did not constitute state action and argued that "Baker's failure to allege the under color state law element is fatal to her Section 1983 claims against the County *and, also, Mr. Lampros*." (emphasis added). Baker responded to that argument in her opposition to the motion to dismiss. Thus, Baker was on notice that her claims could be dismissed because she had not alleged state action, and she had an opportunity to respond to the County's argument. *See Sparling*, 864 F.2d at 638. Moreover, Baker's claims are foreclosed by circuit precedent, and she "cannot possibly win relief" against Lampros. *See id.* (citation omitted).

II

Baker also argues that the district court erred by dismissing without leave to amend the complaint. Even if Baker had requested leave to amend, the district court could have properly denied such leave because it would have been futile. *See United Bhd. of Carpenters v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 845 (9th Cir. 2014).

**AFFIRMED.**