NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON LEE WOLCOTT, | No. 17-16791 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00936-DAD-JLT |
| v. | |
| BOARD OF RABBIS OF NORTHERN AND SOUTHERN CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Brandon Lee Wolcott appeals pro se from the district court's judgment in his action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Wolcott's free exercise and RLUIPA religious conversion claims because Wolcott failed to allege facts sufficient to show that defendants acted under color of state law. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924-27 (9th Cir. 2011) (religious determinations made by prison chaplains pursuant to religious organization policy do not constitute state action); *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (§ 1983 claim requires a showing that defendant's actions were taken under color of state law); *see also* 42 U.S.C. §§ 2000cc-1(a), 5(4)(A)(iii) (under RLUIPA, plaintiff must show that a "government" has imposed a substantial burden on plaintiff's religious exercise and defining "government" to include a "person acting under color of State law").

The district court dismissed Wolcott's free exercise and RLUIPA claims against defendant Reynoso on the ground that Wolcott failed to allege a sincerely held belief in Judaism. However, Wolcott alleged that his possession and use of Jewish artifacts were restricted, such restrictions prevented him from fulfilling the commandments of the Jewish faith, and a substantial burden on his exercise of Judaism resulted. Liberally construed, these allegations are "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm*, 680 F.3d at 1116; *Shakur v.*

17-16791

*Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (Free Exercise Clause implicated when prison practice burdens inmate's sincerely-held religious beliefs); *see also* 42 U.S.C. § 2000cc-5(7)(A) (defining "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief"). We reverse and remand for further proceedings as to Wolcott's free exercise and RLUIPA claims against defendant Reynoso only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wolcott's motion for appointment of counsel (Docket Entry No. 12) is denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**